# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SWILL BEVERAGES LLC

## DEFENDANTS
UNITED STATES DISTILLED PRODUCTS COMPANY

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Mile Lacs and Sherburne MN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard D. Gallucci, Jr., Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street
Philadelphia PA 19103
215-241-8888

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | | **Other:** | | |
| | ☐ 446 Amer. w/Disabilities Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Breach of contract action where defendant failed to provide conforming vodka distillery services

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Over $400,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  09/09/2015
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:    Swill Beverage, LLC, 1217 Forest Hill Drive, Gwynedd Valley, Pennsylvania 19437

Address of Defendant: United States Distilled Products Company, 1607 12th St., Princeton, Minnesora 55371

Place of Accident, Incident or Transaction: Pennsylvania

Does this case have multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE IF ANY*

Case Number:                              Judge                              Date Terminated

Civil cases are deemed related when yes is answered to any of the following questions:
1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court:    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐  No ☒

CIVIL: (Place in *ONE CATEGORY ONLY*)

A. Federal Question Cases:
1. ■ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (please specify) 7 U.S.C. Section 499(a)

B. Diversity Jurisdiction Cases:
1. ~~Insurance Contract and Other Contracts~~
2. ~~Airplane Personal Injury~~
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Richard D. Gallucci, Jr., Esquire *se*, do hereby certify:

☒   Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☒   Relief other than monetary damages is sought.

Date: 9/16/15                              /S/ *Richard D. Gallucci, Jr.*
                                           Richard D. Gallucci, Jr., Esquire
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 9/16/15                              /S/ *Richard D. Gallucci, Jr.*
                                           Richard D. Gallucci, Jr., Esquire

SEP -9 2015



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# CASE MANAGEMENT TRACK DESIGNATION FORM

SWILL BEVERAGE, LLC : CIVIL ACTION
:
v. :
: No. **15   5181**
UNTIED STATES DISTILLED :
PRODUCT COMPANY :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage From exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that Are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 09/16/15 | Richard D. Gallucci, Jr. | /s/ *Richard D. Gallucci, Jr.* |
|---|---|---|
| Date | Attorney-at-law | Attorney for Plaintiff |

| 215/241-8802 | 215/214-8844 | rgallucci@lawsgr.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

SEP -9 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWILL BEVERAGES, LLC, : | |
| *Plaintiff,* : | |
| v. : | |
| UNITED STATES DISTILLED PRODUCTS : | **Civil Action No.** _____ |
| COMPANY, : | |
| : | **COMPLAINT** |
| *Defendant.* : | |

Plaintiff, Swill Beverages, LLC ("Swill"), for its complaint, alleges, upon personal knowledge as to itself and upon information and belief as to other matters, as follows:

### Preliminary Statement

1. Swill is a small growing vodka brand that has spent considerable sums in an effort to gain notoriety within a highly competitive marketplace. With full knowledge of Swill's size and limited production requirements Defendant United States Distilled Products Company ("USDP") contracted with Swill to produce Swill's "Sir Reginald's" Vodka. All amounts due and owing for initial and subsequent production and bottling cost have been paid to date by Swill totaling well over $400,000.

2. Despite having been paid in full for production of Swill's vodka, USDP failed to deliver conforming products for Swill.

3. More specifically, USDP provided Swill with leaking vodka bottles that were delivered to customers and distributors causing Swill damage to its brand and reputation.

4. In addition, USDP failed to deliver Swill's vodka product in specified

white box packaging further damaging Swill's branding and reputation in the marketplace and causing customers to cancel purchase orders.

5. Also, in reliance on USDP's representations and warranties, Swill marketed its vodka product as "Gluten Free" since it first started its sales and was recently advised by USDP that this designation and all marketing related to it had to be discontinued immediately.

6. Finally, after USDP failed to provide conforming goods and failed to correct the problems set forth above, USDP then advised Swill that it was no longer willing to produce Swill's vodka product allegedly on the grounds that Swill's production requirements were too small.

7. As a direct and proximate result of USDP's wrongful conduct, Swill has suffered damages in excess of $400,000 including but not limited to lost profits and consequential damages.

## Jurisdiction and Venue

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

9. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1).

## The Parties

10. Swill is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 1217 Forest Hill Drive, Gwynedd Valley, Pennsylvania 19437.

11. Upon information and belief, USDP is a corporation organized and

existing under the laws of the State of Minnesota with its principal place of business located at 1607 12th Street S, Princeton, Minnesota 55371.

### Relationship of the Parties

12. According to its own website USDP began in 1981 as a small bottling operation with the objective of producing regional brands for markets in the Midwest.

13. USDP touts its distillery skills stating that "[s]ince its inception USDP has grown to become a leading bottler developing a reputation as a company that is focused on service and quality. USDP holds itself to the highest standards of quality and customer satisfaction is always our number one objective."

14. In light of the experience touted by USDP, in 2010 Swill entered into a contract with USDP whereby USDP agreed to produce 200 cases of Swill's "Sir Reginald's" brand vodka. Swill's vodka was to be distilled and bottled in what is known as a Rhapsody style bottle.

15. The vodka was to be produced so that it was able to bear the designation "Gluten Free." In addition, for shipping purposes Swill's vodka was to be packaged in specifically designed, white custom-made Swill cartons.

16. Swill paid in full and in advance for the production of the 200 cases of vodka and, at its own expense, supplied the specifically designed, white custom-made cartons.

### Wrongful Conduct

17. In December 2011, while visiting a potential New Jersey State distributor, namely, Allied Beverage, Kevin Haugen, President and managing member of Swill, while traveling with a business colleague, discovered that product and Rhapsody bottles

provided by USDP leaked around the neck of the bottle.

18. Several other incidents pertaining to leaking product including direct feedback from Swill's customers were brought to the attention of USDP on multiple occasions with empirical evidence gathered by Mr. Haugen. The problem continued well into June 2014. USDP has categorically denied that any product made for Swill was subject to significant leak issues yet Swill continued to receive customer complaints.

19. In addition, going back as far as 2012 USDP advised Mr. Haugen that his corn-based vodka was "Gluten Free." More specifically, Todd Geisness, then head of production at USDP, advised Mr. Haugen, "you can use it in your advertising and web site but can't print it on your labels." As the Gluten Free designation is a major selling point Swill advertised its products with this designation for three years.

20. Then in early 2015 USDP directed Swill to pull all of its advertising related to its claim that its vodka is "Gluten Free." More specifically, USDP advised Swill of this fact via Twitter for the first time and Swill had no knowledge of any problems with the Gluten Free designation prior to 2015.

21. As a result, Swill sold its product to a distributor in Harrison, New Jersey, where this designation was a major part of the sale and orders placed. Pulling the designation caused damages to Swill's goodwill in the marketplace and its credibility ultimately resulting in the New Jersey distributorships refusal to place additional orders with Swill.

22. Next, despite providing USDP with the specifically designed white custom-made cartons with Swill's logo at Swill's own expense and instructing USDP to use these cartons when shipping Swill's vodka product to customers, USDP placed

4

Swill's product in brown cartons.

23. As a result, two key markets, namely, Texas (Specs) and Minnesota (Bellboy) received the product in these generic brown cartons. In a marketplace where branding and presentation are paramount, the result of this was damage to Swill's goodwill and branding and the ultimate loss of this business.

24. Finally, to make matters worse, after agreeing to produce Swill's vodka product and with full knowledge of Swill's size and production needs since inception, USDP advised Swill that it would no longer produce any product for it, despite the fact it had failed to provide Swill with conforming vodka product that Swill had paid for in advance.

25. Indeed, after Swill detrimentally relied on USDP's representations that it could and would fulfill Swill's vodka production needs, for the first time in 2015 USDP claimed that Swill's production needs were too small and suggested Swill take its business to a smaller distillery.

26. USDP's discontinuance of production of Swill's vodka at this late stage of development and branding of the product has caused irreparable injury to Swill and has effectively put Swill out of business.

## Count I
### Breach of Contract

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. In 2010, USDP and Swill entered into an agreement whereby USDP would produce Swill's "Sir Reginald's" brand vodka in a conforming manner and as instructed by Swill.

5

29. Despite having been paid in full for production of Swill's vodka, USDP failed to deliver conforming vodka product for Swill.

30. USDP provided Swill with leaking vodka bottles that were delivered to customers and distributors.

31. USDP failed to deliver Swill's vodka product in specified custom made white cartons bearing Swill's logo.

32. In reliance on USDP's representations and warranties, Swill marketed its vodka product as "Gluten Free" since it first started its sales and was recently advised by USDP that this designation and all marketing related to it had to be discontinued immediately.

33. Finally, after USDP failed to provide conforming goods and failed to correct the problems set forth above, USDP advised Swill that it was no longer willing to produce Swill's vodka product allegedly on the grounds that Swill's production requirements were too small even though it entered the agreement with Swill with full knowledge of Swill's size and production needs.

34. The wrongful conduct of USDP as set forth above constitutes a material breach of the 2010 agreement between USDP and Swill.

35. The wrongful conduct of USDP as set forth above also constitutes a breach of the implied covenant of good faith and fair dealing.

36. As a direct and proximate result of USDP material breaches of the 2010 agreement and breach of the implied covenant of good faith and fair dealing, Swill has incurred significant damages to date including, but not limited to, direct and consequential damages.

## Count II
## Breach of Warranty

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. USDP represented and warranted to Swill that it would produce Swill's vodka product in a conforming manner and pursuant to Swill's directives.

39. As set forth above, USDP provided Swill with leaking vodka bottles that were delivered to customers and distributors.

40. USDP failed to deliver Swill's vodka product in specified custom made white cartons bearing Swill's logo.

41. In reliance on USDP's representations and warranties, Swill marketed its vodka product as "Gluten Free" since it first started its sales and was recently advised by USDP that this designation and all marketing related to it had to be discontinued immediately.

42. In failing to provide Swill with conforming vodka product, USDP breached the representations and warranties it made to Swill.

43. As a direct and proximate result of USDP's breaches of the representations and warranties it made to Swill, Swill has incurred significant damages to date including, but not limited to, direct and consequential damages.

WHEREFORE, Plaintiff, Swill Beverages, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, United States Distilled Products awarding it damages in excess of $400,000 including, but not limited to direct damages and consequential damages.

                                            Richard D. Gallucci, Jr.
                                            Spector Gadon & Rosen, P.C.
                                            1635 Market Street, 7th Floor
                                            Philadelphia, PA 19103
                                            215-241-8888
                                            215-241-8844 (fax)
                                            rgallucci@lawsgr.com

                                            Attorneys for Plaintiff
                                            Swill Beverages, LLC

Dated: September 9, 2015.